**CLEARY GIACOBBE ALFIERI JACOBS LLC**
169 Ramapo Valley Road
Upper Level 105
Oakland, New Jersey 07436
Tel: 973-845-6700
Fax: 201-644-7601
Scott A. Sears, Esq. (Attorney ID No. 164272015)
Attorneys for Creditor, Travis Roemmele

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| In re:<br><br>CHRISTINE CRANDON<br>VINCENT CRANDON,<br><br>　　　　Debtors<br><br>TRAVIS ROEMMELE,<br><br>　　　　Plaintiff,<br>v.<br><br>VINCENT CRANDON,<br><br>　　　　Defendant. | Case No.:　　17-01205<br>Lead Case No.: 16-34616<br>Chapter:　　　7<br><br>Judge:　John K. Sherwood<br><br><br>**PLAINTIFF'S CERTIFICATION**<br>**IN SUPPORT OF APPLICATION**<br>**FOR DEFAULT JUDGMENT** |
|---|---|

Travis Roemmele, of full age, hereby certifies and says:

1. I am the plaintiff in the above entitled action. I am fully familiar with the matters set forth herein. I make this certification in support of my request for the entry of default judgment by the clerk against the Defendant, Vincent Crandon ("Defendant").

2. I was first introduced to Defendant through his wife, Christine, who I had been friendly with for many years before they

had gotten married.

3.  Defendant told me that he is an experienced investment banker and the managing director of MidOil USA, LLC.

4.  I had business experience with Defendant as an investor with my previous boss, so I trusted Defendant.

5.  In or around 2013, I visited the Crandons at their home for coffee. Defendant informed me that he created an entity, 2AC, to bring 2UP Gaming PLC, an Australian based gaming company, to the United States.

6.  Defendant used 2AC as his alter ego for conducting his personal business.

7.  Defendant induced me to invest money with him, representing that I would make my money back and then some. He told me that he had 2,000,000 shares of 2UP Gaming PLC, and that he would transfer 42,000 of those shares to me within approximately 30 days after investing with him.

8.  In or around May 15, 2013, I entered into a Stock Purchase Agreement with 2AC, which represented itself as an authorized representative of 2UP Gaming PLC, for the purchase of 42,000 shares of the common stock of 2UP Gaming PLC (the "Agreement"), a copy of which is attached hereto as Exhibit A.

9.  The Agreement was executed by myself and Defendant on behalf of 2AC.

10. Pursuant to the Agreement, I paid 2AC $21,000.00 in

exchange for 42,000 shares of 2UP Gaming PLC's common stock. A copy of the cashier's check I used to invest in 2AC is attached hereto as Exhibit B.

11. Pursuant to Article IV of the Agreement, "2AC shall issue (or *cause* to be issued) certificates for shares in the name of the Buyer.  The certificates shall be issued directly by the corporation's transfer agent within ten (10) days of settlement."

12. To facilitate the transfer of shares, I opened an account with Wells Fargo to receive the transfer of the 42,000 shares I purchased. However, I never received the shares.

13. Defendant told me that he attempted to transfer the shares to my account, and suggested that they may not have transferred because his 2,000,000 shares were held with Vandham Security. I attempted to open an account with Vandham Security to ease the process with which to transfer shares, but my phone calls to Vandham Security went unreturned.

14. I never received any type of regular corporate reports that identify me as a shareholder and delineate the value of my shares in 2UP Gaming PLC.

15. I have no evidence that Defendant ever attempted to transfer 42,000 shares of 2UP Gaming PLC to my Wells Fargo account.

16. Since the inception of this Agreement, I contacted Defendant on several occasions, verbally and in writing, to acquire

some proof of my ownership shares so that I may otherwise sell my shares, realize a profit, or calculate a loss, as per the Agreement.

17. As of today, I have been provided no adequate proof that I am the owner of 42,000 shares of 2UP Gaming PLC's stock. I received nothing of tangible or marketable value in exchange for my $21,000.00.

18. By correspondence dated May 11, 2015, my attorney demanded the return of my $21,000 from Defendants, a copy of which is attached hereto as Exhibit C.

19. To date, Defendant has not returned my $21,000.00.

20. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 3, 2017        By: _____
                                  Travis Roemmele